IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| MATTHEW MOSS, a minor, by and through Duane Moss, his father and/or next best friend, | |
| Plaintiff, | |
| v. | No. |
| LINDA GLEYSTEEN, JEFFERSON MIDDLE SCHOOL and the WEST AURORA SCHOOL DISTRICT 129, | |
| Defendants. | |

## COMPLAINT AT LAW

NOW COMES the PLAINTIFF, MATTHEW MOSS, a minor, by and through Duane Moss, his father and/or next best friend by and through Blake Horwitz, Esq. and Timothy F. Winslow, Esq., of the BLAKE HORWITZ LAW FIRM, LTD., and pursuant to this Complaint at Law, states the following against the above named Defendants, to wit LINDA GLEYSTEEN, JEFFERSON MIDDLE SCHOOL and the WEST AURORA SCHOOL DISTRICT 129.

## JURISDICTION

1.     The jurisdiction of the court is invoked pursuant to the Civil Rights Act, 42 U.S.C. § 1983; the Judicial Code, 28 U.S.C. §1331 and §1343(a); the Constitution of the United States; and this Court's supplemental jurisdiction powers.

## PARTIES

2.     PLAINTIFF was a resident of the State of Illinois and of the United States.

3.     The DEFENDANT LINDA GLEYSTEEN was at all times relevant hereto employed by and acting on behalf of the DEFENDANT JEFFERSON MIDDLE SCHOOL and DEFENDANT WEST AURORA SCHOOL DISTIRCT 129.

4.     The DEFENDANT JEFFERSON MIDDLE SCHOOL is a duly incorporated municipal corporation and is the employer and principal of the DEFENDANT LINDA GLEYSTEEN in this Complaint.  At all times material to this complaint, the DEFENDANT LINDA GLEYSTEEN was acting under color of state law, ordinance and/or regulation, statutes, custom and usages of the DEFENDANT JEFFERSON MIDDLE SCHOOL.

5.     The DEFENDANT WEST AURORA SCHOOL DISTRICT 129 is a duly incorporated municipal corporation and is the employer and principal of the DEFENDANT LINDA GLEYSTEEN in this Complaint.  At all times material to this complaint, the DEFENDANT LINDA GLEYSTEEN was acting under color of state law, ordinance and/or regulation, statutes, custom and usages of the DEFENDANT WEST AURORA SCHOOL DISTRICT 129.

## FACTS

6.     On February 23, 2011, DEFENDANT LINDA GLEYSTEEN came into physical contact with PLAINTIFF by spraying PLAINTFF with chalkboard cleaner in PLAINTIFF'S eyes.

7.     On or about February 23, 2011, PLAINTIFF did not batter and/or assault the DEFENDANT LINDA GLEYSTEEN.

8.     The show of force initiated by the DEFENDANT LINDA GLEYSTEEN caused an unreasonable seizure, battery, and assault to the PLAINTIFF.

9.     On February 23, 2011, PLAINTIFF had not committed an act contrary to the laws of the State of Illinois.

10.     As a direct and proximate result of one or more of the aforesaid acts or omissions of the DEFENDANT LINDA GLEYSTEEN, PLAINTIFF was caused to suffer damages.

11.     On or about February 23, 2011, the DEFENDANT LINDA GLEYSTEEN was on duty at all times relevant to this complaint and was a duly appointed public school teacher for the

DEFENDANT JEFFERSON MIDDLE SCHOOL. The DEFENDANT LINDA GLEYSTEEN engaged in the conduct complained of, on said date, in the course and scope of employment and while on duty. This action is being brought with regard to the individual capacity of the DEFENDANT LINDA GLEYSTEEN.

12.     On or about February 23, 2011, the DEFENDANT LINDA GLEYSTEEN was on duty at all times relevant to this complaint and was a duly appointed public school teacher for the DEFENDANT WEST AURORA SCHOOL DISTRICT 129. The DEFENDANT LINDA GLEYSTEEN engaged in the conduct complained of, on said date, in the course and scope of employment and while on duty. This action is being brought with regard to the individual capacity of the DEFENDANT LINDA GLEYSTEEN.

## COUNT I
### §1983 Excessive Force

13.     PLAINTIFF re-alleges paragraphs 1 – 12 as though fully set forth herein.

14.     The actions, and/or the failure to intervene in the actions, of the DEFENDANT LINDA GLEYSTEEN amounted to an excessive use of force onto PLAINTIFF. This conduct violated the Fourth Amendment of the United States Constitution.

15.     The aforementioned actions of the DEFENDANT LINDA GLEYSTEEN was the direct and proximate cause of the constitutional violations set forth above.

        WHEREFORE, PLAINTIFF demands compensatory damages from the DEFENDANT LINDA GLEYSTEEN. PLAINTIFF also demands punitive damages, costs and attorneys' fees against the DEFENDANT LINDA GLEYSTEEN. PLAINTIFF also demands whatever additional relief this Court deems equitable and just.

## COUNT II
### Assault – State Law Claim

16.     PLAINTIFF re-alleges paragraphs 1 – 12 as though fully set forth herein.

17.     The DEFENDANT LINDA GLEYSTEEN violently assaulted the PLAINTIFF.

18.     Specifically, the DEFENDANT LINDA GLEYSTEEN without provocation, pointed a toxic cleaner device at or near PLAINTIFF's face and eyes.

19.     DEFENDANT LINDA GLEYSTEEN's actions caused PLAINTIFF to be put in fear and apprehension.

20.     That this assault reflected a conscious disregard for the safety of others, including the PLAINTIFF relative to the described occurrence.

21.     As a direct and proximate result of one or more of the aforesaid acts of the DEFENDANT LINDA GLEYSTEEN, PLAINTIFF suffered injuries and damages of a personal and a pecuniary nature.

        WHEREFORE, PLAINTIFF demands compensatory damages from the DEFENDANT LINDA GLEYSTEEN.  PLAINTIFF also demands punitive damages, costs and attorneys' fees against the DEFENDANT LINDA GLEYSTEEN and whatever additional relief this Court deems equitable and just.

## COUNT III
### Battery –State Claim

22.     PLAINTIFF re-alleges paragraphs 1 – 12 as though fully set forth herein.

23.     The DEFENDANT LINDA GLEYSTEEN sprayed chalkboard cleaner in the PLAINTIFF's face and eyes intentionally, without consent and without justification.
 The conduct of the DEFENDANT LINDA GLEYSTEEN was in violation of Illinois Law.

24.     The aforementioned actions of the DEFENDANT LINDA GLEYSTEEN were the direct and proximate cause of the violations set forth above.

4

WHEREFORE, PLAINTIFF demands compensatory damages from the DEFENDANT LINDA GLEYSTEEN. Plaintiff demands costs and attorneys' fees against the DEFENDANT LINDA GLEYSTEEN. PLAINTIFF also demands whatever additional relief this Court deems equitable and just.

## COUNT IV
### 745 ILCS 10/9-102 Claim Against the JEFFERSON MIDDLE SCHOOL

25.    PLAINTIFF re-alleges paragraphs 1 – 12 as though fully set forth herein.

26.    DEFENDANT JEFFERSON MIDDLE SCHOOL is the employer of the DEFENDANT LINDA GLEYSTEEN alleged above.

27.    The DEFENDANT LINDA GLEYSTEEN, as alleged above, committed the acts under color of law and in the scope of employment of the DEFENDANT JEFFERSON MIDDLE SCHOOL.

WHEREFORE, should the DEFENDANT LINDA GLEYSTEEN be found liable for any of the alleged counts in this cause, PLAINTIFF demands that, pursuant to 745 ILCS 10/9-102, the DEFENDANT JEFFERSON MIDDLE SCHOOL pay PLAINTIFF any judgment obtained against the DEFENDANT LINDA GLEYSTEEN as a result of this complaint.

## COUNT V
### Supplemental Claim for *Respondeat Superior* JEFFERSON MIDDLE SCHOOL

28.    PLAINTIFF re-alleges paragraphs 1 – 10 as though fully set forth herein.

29.    The aforesaid acts of the DEFENDANT LINDA GLEYSTEEN were in the scope of employment and therefore the DEFENDANT JEFFERSON MIDDLE SCHOOL, as principal, is liable for the actions of its agents under the doctrine of *respondeat superior*.

WHEREFORE should the DEFENDANT LINDA GLEYSTEEN be found liable for any state claims alleged herein, PLAINTIFF demands judgment against the DEFENDANT

JEFFERSON MIDDLE SCHOOL and such other additional relief, as this Court deems equitable and just.

## COUNT VI
### 745 ILCS 10/9-102 Claim Against the WEST AURORA SCHOOL DISTRICT 129

30.     PLAINTIFF re-alleges paragraphs 1 – 12 as though fully set forth herein.

31.     DEFENDANT WEST AURORA SCHOOL DISTRICT 129 is the employer of the DEFENDANT LINDA GLEYSTEEN alleged above.

32.     The DEFENDANT LINDA GLEYSTEEN, as alleged above, committed the acts under color of law and in the scope of employment of the DEFENDANT WEST AURORA SCHOOL DISTRICT 129.

WHEREFORE, should the DEFENDANT LINDA GLEYSTEEN be found liable for any of the alleged counts in this cause, PLAINTIFF demands that, pursuant to 745 ILCS 10/9-102, the DEFENDANT WEST AURORA SCHOOL DISTRICT 129 pay PLAINTIFF any judgment obtained against the DEFENDANT LINDA GLEYSTEEN as a result of this complaint.

## COUNT VII
### Supplemental Claim for *Respondeat Superior* WEST AURORA SCHOOL DISTRICT 129

33.     PLAINTIFF re-alleges paragraphs 1 – 12 as though fully set forth herein.

34.     The aforesaid acts of the DEFENDANT LINDA GLEYSTEEN were in the scope of employment and therefore the DEFENDANT WEST AURORA SCHOOL DISTRICT 129, as principal, is liable for the actions of its agents under the doctrine of *respondeat superior*.

WHEREFORE should the DEFENDANT LINDA GLEYSTEEN be found liable for any state claims alleged herein, PLAINTIFF demands judgment against the DEFENDANT WEST AURORA SCHOOL DISTRICT 129 and such other additional relief, as this Court deems equitable and just.

## JURY DEMAND

35.     Plaintiff demands trial by jury.


Respectfully submitted,


s/ Timothy F. Winslow
One of the Attorneys for the Plaintiff
Timothy F. Winslow


BLAKE HORWITZ LAW FIRM, LTD.
20 S. Clark Street – Suite 500
Chicago, IL  60601
(312) 676-2100
(Fax) (312) 372-7076